◼ In the Matter of RAYMOND ALVAREZ, Petitioner, v CATH-ERINE ABATE, as Correction Commissioner of the City of New York, et al., Respondents. [603 NYS2d 851] —Determination of

respondent Correction Commissioner dated March 20, 1992, which dismissed petitioner from his position as a correction officer, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Bruce McM. Wright, J.] entered October 23, 1992), is dismissed, without costs or disbursements.

Respondent Commissioner's finding that petitioner used unnecessary and excessive force against an inmate is supported by substantial evidence *(see, Matter of Berenhaus v Ward,* 70 NY2d 436). Reinstatement pursuant to an alleged directive of respondent's predecessor cannot be mandated where the petitioner failed to comply with New York City Personnel Department (59 RCNY Appendix A) rule 6.2.6 requiring that he write to the Personnel Director and state his reasons for seeking a reversal of the termination decision *(see, Klostermann v Cuomo,* 61 NY2d 525, 539). Considering the injuries inflicted upon the inmate, and petitioner's prior disciplinary record, the penalty imposed does not shock the conscience *(Matter of Pell v Board of Educ.,* 34 NY2d 222). Concur—Carro, J. P., Rosenberger, Ellerin and Asch, JJ.